UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

INVASIX, INC.,

  *Plaintiff*,

v.                                  Case No.  SA-20-CV-01135-JKP

DANIEL ALLMOND,

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Daniel Allmond's Motion to Dismiss and Plaintiff Invasix, Inc., d/b/a InMode's Response. ECF Nos. 60, 62. After due consideration of the parties' briefings and the applicable law, the Court concludes Allmond's Motion is **DENIED**.

## BACKGROUND

InMode initiated this lawsuit on September 23, 2020, alleging Allmond, a former InMode sales manager, unlawfully kept thousands of dollars' worth of InMode demonstration products and sold them for his own personal profit. InMode further alleges Allmond breached the non-compete clause in his employment agreement when he began working for one of InMode's direct competitors days after leaving InMode. In its initial complaint, InMode alleged Allmond's actions violated federal trademark infringement and false advertising laws. In its most recent pleading, InMode abandons its federal law claims, asserting this Court's diversity jurisdiction for state law claims arising from Allmond's alleged breaches of his employment contract, conversion, and tortious interference with prospective business relations. Allmond filed the

instant Motion to Dismiss, arguing InMode has failed to state a claim upon which relief can be granted.

As an initial matter, InMode argues Allmond's motion should be denied because it was untimely filed and failed to comply with the Court's standing order. A party must serve its responsive pleading, including a motion to dismiss, within 21 days of service of a complaint. Fed. R. Civ. P. 12(a)(1)(A). The Court's standing order applies the Federal Rule 12(a) time limits to motions to dismiss following an amended complaint. In this case, Allmond's motion is untimely because he filed it more than 21 days after InMode filed its amended complaint.

InMode also notes that Allmond failed to comply with the Court's standing order by neglecting to confer with InMode about perceived deficiencies and not including a certificate of conference with its motion. While InMode is correct that Allmond's motion does not comply with the Court's standing order, in this case his lack of compliance does not frustrate the standing order's purpose, which is to give the nonmovant an opportunity to amend its deficient pleading. Here, InMode's pleading is not deficient, so InMode did not need an opportunity to amend.

The Court could deny Allmond's motion for untimeliness and noncompliance with the Court's standing order; however, in the interest of being thorough, the Court also addresses Allmond's motion on merits.

**LEGAL STANDARD**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

To survive a Federal Rule 12(b)(6) motion, a plaintiff does not need to provide detailed factual allegations but must provide grounds of his entitlement to relief. This pleading requirement necessitates "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Therefore, the Court's task is to identify the elements of a cause of action and then determine whether the plaintiff pled sufficient factual allegations in support of the asserted elements to state a plausible claim, and thereby, survive a motion to dismiss. *Cicalese v. Univ. of Tex. Med Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019).

In assessing a motion to dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561, F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## DISCUSSION

Allmond argues InMode's pleadings are factually insufficient to support his breach of contract, conversion, and tortious interference claims. The Court examines each of these claims in light of the Federal Rule 12(b)(6) standard articulated above.

### 1. Breach of Contract

InMode alleges Allmond breached his employment contract by keeping InMode demonstration products and selling them for his own personal profit. Specifically, according to InMode, Allmond's employment contract required him to return all InMode property when his

employment ended and prohibited him from soliciting InMode customers. In his Motion to Dismiss, Allmond says he attempted to sell InMode's Vasculize device to a company called Glow MedSpa on behalf of a private physician, claiming InMode acknowledged the device belonged to a private physician in its amended complaint. InMode's amended complaint contains no such acknowledgment. InMode's complaint alleges Allmond told Glow MedSpa he was selling the product on behalf of a private physician; however, InMode also alleges that it searched the product's serial number and learned that it was a demonstration product InMode issued to Allmond while he was an InMode employee. Allmond's disagreement with InMode's well-pleaded facts is not a basis for dismissal.

Allmond further argues InMode failed to allege specific facts to support its claim that Allmond violated his employment agreement by soliciting InMode clients. InMode responds by noting it alleges Allmond's solicitation of Glow MedSpa, a former InMode customer, violated the non-solicitation clause of Allmond's employment agreement. Here again, Allmond has failed to demonstrate InMode's breach of contract claim lacks facial plausibility.

   2. Conversion

Allmond argues InMode's conversion claim is deficient because the Vascularize product he attempted to sell was owned by a private physician, not InMode. As noted above, this represents a factual disagreement between the parties, not a deficiency in InMode's pleading. InMode's pleading clearly alleges the product Allmond sold to Glow MedSpa was owned by InMode.

   3. Tortious Interference

According to Allmond, InMode's tortious interference claim is deficient because it establishes no contract with which Allmond interfered, nor does it establish willful inducement.

5

Here Allmond confuses two separate causes of action: tortious interference with a contract and tortious interference with prospective relations. InMode alleges Allmond is guilty of the latter— that is, Allmond tortiously interfered with InMode's prospective business relationship when he unlawfully sold Glow MedSpa an InMode demonstration product not intended for sale. This cause of action does not require that the parties have a contractual relationship, nor does it require willful inducement.

The elements of a tortious interference with prospective relations are: (1) there was a reasonable probability the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result. *Coinmach Corp. v. Aspenwood Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). InMode sufficiently pled these elements in paragraphs 57 to 61 of its amended complaint. ECF No. 59. Therefore, Allmond's argument that InMode's tortious interference claim is deficient also fails.

## CONCLUSION

For the reasons discussed, the Court finds InMode has pled sufficient facts to support its claims for breach of contract, conversion, and tortious interference. The Court therefore **DENIES** Allmond's Motion to Dismiss.

It is so ORDERED.
SIGNED this 28th day of September, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE